IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROOSEVELT SMITH                                                                                       PLAINTIFF

v.                                              4:07CV00565JMM/HLJ

FAULKNER COUNTY
DETENTION CENTER, et al.                                                                        DEFENDANTS

**PROPOSED FINDINGS & RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

A trial was held in this case before the Court on September 8, 2008. Following a presentation of the testimony of the parties and submission of exhibits, the Court enters the following proposed findings and recommendation.

### **I. Facts**

Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Faulkner County Detention Center (Jail), where he was housed from March 27, 2007 until June 19, 2007. Specifically, he alleges on one occasion defendant Gibson unnecessarily pushed him in the back, knocking him off balance, which resulted in severe back pain. He also alleges on the day of his release from the Jail (and transfer to the Arkansas Department of Correction),[1] defendant pulled a taser gun and threatened him. Plaintiff asks for monetary relief from defendant Gibson for physical and emotional pain and suffering.[2]

---

[1] Plaintiff was released from the ADC in May, 2008.

[2] The Faulkner County Detention Center was dismissed as a defendant by Order dated August 8, 2007 (DE #19).

**A. Plaintiff's Testimony**

According to the testimony of the plaintiff, he was incarcerated at the Jail from March 27, 2007 until June 19, 2007 (see also Defendant's Ex. 1).  One day when a fight occurred in a cell next to plaintiff's, defendant Gibson directed plaintiff to the front of the Jail, pushing him in the back and nearly causing plaintiff to fall.  Plaintiff stated on a scale of 1 - 10, the pain which resulted was an 11.  Plaintiff acknowledged he suffered from back pain prior to the incident, but stated his pain increased after the incident.  He presented a letter dated July 18, 2008 from Dr. Scott Schlesinger to Dr. Carl Johnson, stating plaintiff's MRI test showed degenerative changes, and that he would offer plaintiff another round of epidural injections to help in the management of his pain.  See Plaintiff's Ex. 1.

Plaintiff also stated on the day he was transferred to the ADC, defendant pulled a taser gun but did not shoot him.  Plaintiff testified this incident caused him emotional damage.

**B. Defendant's Testimony**

Defendant James Gibson, Jr. was the midnight shift supervisor at the Jail for about one year, and was also a certified law enforcement officer.  He testified he remembered plaintiff, as he was the officer responsible for "booking in" plaintiff to the Jail, at which time plaintiff used a cane and was extremely intoxicated.  Although plaintiff had been in the Jail before, and defendant was aware of some ailments, defendant stated plaintiff was unable to complete a medical questionnaire on his intake date.  Defendant denies the pushing incident ever occurred, and stated a fight never occurred on his shift during his employment at the Jail.

Defendant also testified concerning the Jail's policy on the use of force, stating an officer should first give an order to an inmate and if the inmate refuses, the officer must then warn the

inmate of the type of force which will be used against him. Defendant stated the first level of force used in these situations is the taser. He further stated, with respect to plaintiff's taser allegation, that on that particular day he was responsible for preparing inmates for transport to the ADC. When defendant issued plaintiff an order to place his hands in a certain position for cuffing, plaintiff refused to comply and defendant then unclicked his taser from his belt and issued plaintiff a verbal warning, in accordance with the Jail policy. At that time, plaintiff then complied with the order regarding the cuffs, and defendant placed the taser back into his belt.

## II. Law

The Eighth Amendment "does not mandate comfortable prisons, but does impose a duty on prison officials to provide humane conditions of confinement," Farmer v. Brennan, 511 U.S. 825, 832 (1994). While the Eighth Amendment does protect inmates from unnecessary and wanton infliction of pain by correctional officers [Whitley v. Albers, 475 U.S. 312, 319 (1986)], officers are permitted to use force reasonably, "in a good-faith effort to maintain or restore discipline," but not "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

In determining whether excessive force was used in a particular situation, courts consider whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Treats v. Morgan, 308 F.3d 868 (8th Cir. 2002).

In this particular case, plaintiff did not meet his burden of proof, by the preponderance of the evidence, that defendant intentionally, maliciously, or sadistically caused harm to his back. Plaintiff admitted a back problem prior to the incident, and provided no proof that defendant caused additional

back pain and injury to him.  In addition, with respect to the second alleged incident involving the taser, plaintiff did not provide any proof of physical injury.  "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."  King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), citing Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992).  Therefore, the Court finds that plaintiff did not prove a violation of the Eighth Amendment by the defendant, and his complaint against him should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendant is DISMISSED with prejudice.

IT IS SO ORDERED this 10th day of September, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge